NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIAFOM, LLC and AARON ABDELHAK, <br><br> Plaintiffs, <br><br> v. <br><br> BIG FRESH PICTURES, BIG FRESH PRODUCTIONS, JEFF OPPENHEIM, LLOYD CHREIN, LEO LEICHTER, SANDI CASTRO, and JOHN DOE, <br><br> Defendants. | Civil Action No.: 10-0606 (JLL) <br><br><br> OPINION |

LINARES, District Judge.

This matter comes before the Court on Defendants', Lloyd Chrein, Leo Leichter, Sandi Castro, and Big Fresh Pictures, motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendants' motion is GRANTED.

## I.  Background and Procedural History

The Court makes the following limited factual findings in light of the fact that the matter before the court is solely a jurisdictional determination. The instant matter arises out of a number of state law claims, namely "theft, conversion, business fraud, and breach of contract" related to the production of the film "Aaron Loves Kendra".

1

Plaintiff Liafom is a limited liability company incorporated in Delaware with its principal place of business in New Jersey. The members of Liafom are Aaron Abdelhak, a domiciliary of New Jersey; Jeff Oppenheim, Aimee Harris, and Malissa Lipton, all domiciled in New York; and Stephen Treadway, a domiciliary of California. (Compl. ¶16, Amended Compl. ¶16, Exhibit H). Plaintiff Aaron Abdelhak is an individual and the sole Class A member of Liafom, whose domicile is New Jersey. Defendants Lloyd Chrein, Leo Leichter, Sandi Castro, and Jeff Oppenheim are alleged partners of the General Partnership, Big Fresh Pictures. Lloyd Chrein, Sandi Castro, and Jeff Oppenheim are domiciled in New York. Leo Leichter is domiciled in California. Defendant asserts that Big Fresh Productions is a Delaware corporation, with its principal place of business in New York.

The relevant procedural history is as follows. On February 3, 2010, Plaintiffs filed the instant action against Defendants in the District Court of New Jersey premised on diversity jurisdiction pursuant to 28 U.S.C. 1332. Plantiffs filed an amended complaint on May 19, 2011, in which they asserted that Defendants "acted independently and conspired with each other and Mr. Oppenheim to deprive Plaintiff of his property" and to "defraud and attempt to defraud plaintiff by whole cloth denial of their involvement directly and indirectly with his properties and the facts that would support their legal obligations to him, and making recovery of his property precarious by leaving it in the hands of their bankrupt partner" (Amended Compl. ¶ 80B). On July 2, 2010, Defendants Leichter, Chrein, and Castro instituted a crossclaim against Plaintiffs and a counterclaim against co-Defendant Jeff Oppenheim (CM/ECF No. 13). Defendants Chrein, Leichter, Castro and Big Fresh Pictures filed the instant motion to dismiss the Amended Complaint for lack of subject matter jurisdiction on July 22, 2011 (CM/ECF No. 100).

Thereafter, the Manager, Aaron Abdelhak, withdrew all outstanding Class B Member Interests and stated that the Operating Agreement was to be governed by Delaware law, rather than New York law (CM/ECF No. 106, Liafom Members Resolution of July 28, 2011). On July 29, 2011, Aaron Abdelhak executed a second Liafom Members Resolution, which dissolved Liafom and distributed all assets "including claims under the present suit and liabilities" to himself in a two-step liquidation plan, but provided that Liafom would remain a business entity until September 30, 2011.

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(1), the court must dismiss a complaint if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). Standing is a jurisdictional matter and thus "a motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1)." Ballentine v. United States, 486 F.3d 806, 910 (3d Cir. 2007). As per Rule 12(b)(1), the court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. Id. Motions to dismiss under Rule 12(b)(1) may be treated as either a "facial or factual challenge to the court's subject matter jurisdiction." Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim and the Court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id*. In reviewing a factual attack, however, the challenge is to the actual alleged jurisdictional facts. Thus, in that instance a court is free to consider evidence outside of the

pleadings. Id. Finally, once a 12(b)(1) challenge is raised, the burden shifts to the plaintiff to demonstrate the existence of subject matter jurisdiction. See PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 2000).

### III.  DISCUSSION

Defendants do not challenge the facts underlying Plaintiffs' jurisdictional assertions. Rather, Defendants argue that the court lacks subject matter jurisdiction because the case involves a state law dispute and the parties are not completely diverse. Thus, the Court is limited in its consideration to the allegations in the complaint and documents referenced therein and thereto.

**A. Diversity of Citizenship**

Under 28 U.S.C. 1332(a)(1), federal courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000 and there is complete diversity of citizenship. Wisconsin Dep't of Corr. V. Schacht, 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). "The party asserting diversity jurisdiction bears the burden of proof. A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citations omitted). Here, Plaintiffs assert diversity jurisdiction and thus bear the burden of establishing that the parties are completely diverse by a preponderance of the evidence.

For purposes of diversity, the citizenship of an LLC is determined by that of its members. Zambelli v. Wood, 592 F.3d 412 (3d Cir. 2010). As per Plaintiffs' Complaint, Amended

Complaint, and Exhibits referenced therein and attached thereto, Liafom is made up of five (5) members, citizens of New Jersey, New York and California. (Compl. ¶16, Amended Compl. ¶16, Exhibit H).  As discussed supra, the individual Defendants are domiciliaries of New York and California, and Big Fresh Productions is a Delaware Corporation with a principal place of business in New York.  Thus, the facts as pled by Plaintiff in its original Complaint and again in the Amended Complaint, clearly show a lack of complete diversity, as there are plaintiffs and defendants in both California and New York.

  Further, Plaintiff Liafom may not transfer assets and enter into liquidation, with no apparent business purpose, solely to preserve diversity jurisdiction.  Subject matter jurisdiction is premised on diversity of citizenship depends on the "state of things at the time of the action brought." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 570 (2004).

  Plaintiffs submitted both an original complaint and an amended complaint which listed five (5) members of Liafom and included an exhibit entitled "Allocation of Ownership of the Company" listing the same.  Plaintiffs' attorney now alleges, in his opposition to Defendants' motion to dismiss (CM/ECF No. 105),  that his pleadings regarding the membership of Liafom were mistaken.

  In general, Federal Rules of Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities. "This liberality is expressed throughout the [Federal Rules of Civil Procedure] and is enshrined in a long and distinguished history." Lundy v. Adamar of New Jersey, 34 F.3d 1173 (3d Cir. 1994).  The Adamar Court expands as follows: "An inadvertent mistake in pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." Lundy v. Adamar of New Jersey,

Inc., 34 F.3d 1173, 1186 n.5 (quoting 5 CHARLES A. WRIGHT 7 ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1029, at 119). Regardless of whether Plaintiffs mistakenly relied on a "pro-forma list of expected Class B Members," as asserted in the opposition to Defendants' motion to dismiss (CM/ECF No. 105 at 5), Plaintiffs must still satisfy the applicable burden of proof.

Plaintiffs additionally submitted a Sur-Reply without the required permission of the court. However, even considering Plaintiffs' arguments therein, Plaintiffs fail to submit sufficient evidence demonstrating that complete diversity exists. As proof of Liafom's membership, Plaintiffs submit a copy of Aaron Abdelhak's executed Membership Interest Certificate, an amended Allocation of Ownership of the Company, and the Liafom Operating Agreement (CM/ECF No. 109). The amended Allocation of Ownership of the Company is largely the same in form and substance as the previous version attached to Plaintiffs' pleadings. The only recognizable difference is a few notations indicating that two members, Jeff Oppenheim and Malissa Lipton, "forfeited" and that two members, Aimee Harris and Stephen Treadway, were "not signatory" (CM/ECF No. 109). No other evidence for the conclusions is offered. Thus, Plaintiffs do not submit sufficient evidence to demonstrate that there is complete diversity by a preponderance of the evidence.

**B. Dismissal of a Party to Cure a Jurisdictional Defect**

In some instances parties may be added or dropped to cure a jurisdictional defect pursuant to Federal Rule of Civil Procedure 21, which provides in relevant part as follows: "On motion or on its own, the court may at any time, on just terms, add or drop a party." "The question always

is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether ... they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 570 (2004) (quoting Horn v. Lockhart, 17 Wall. 570, 579, 21 L.Ed 657 (1873)).  In Grupo Dataflux v. Atlas Global Group, the Supreme Court went on to explain as follows: "By now, it is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgement has been rendered."  Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 570 (2004) (citations omitted).

      Plaintiffs, in their opposition papers, ask the Court to dismiss Liafom as a dispensable party to this action.  Under Federal Rule of Civil Procedure 19(a)(1)(b), a party is a required party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Here, dismissing Liafom would impair or impede Plaintiff Abdelhak's ability to protect his interest because, as per Plaintiffs' pleadings, Liafom is the owner of the film "Aaron Loves Kendra." Additionally, Plaintiff Abdelhak would be subject to substantial risk since he would be personally liable for claims against Liafom.  Thus, Liafom is a required party.  Where a party is necessary, but joinder is not feasible because, for example, joinder destroys diversity of the parties, a court should determine whether a party is "indispensable" to an action.  In doing so, a court should look to the extent to which (1) a judgment rendered in the party's absence might be

prejudicial to the party or those already parties; (2) the prejudice can be lessened or avoided through protective provisions in the judgment, the shaping of relief, or other measures; (3) a judgment rendered in the party's absence will be adequate; and (4) the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).  In this instance the third factor is determinative.  The Court finds that Liafom is indispensable because as per both the Complaint and the Amended Complaint, Liafom is the owner of the film "Aaron Loves Kendra" (Compl.¶ 18, Amended Compl. ¶ 18), was a party to the contracts with Defendants, and Defendants' counterclaim for malicious prosecution against Liafom remains (CM/ECF No. 13). Further, without ruling on the legitimacy or legality of Liafom's recent transfer of assets and liquidation, the Court notes that by Plaintiffs' own admission (CM/ECF No. 106), the aforesaid transfers of assets and liquidation appear to lack a legitimate business purpose and is being done for the sole purpose of attempting to preserve the jurisdiction of this Court without proper basis.

## V.  CONCLUSION

Based on the reasons set forth above, the Court grants Defendants' motion and dismisses the instant action without prejudice because Plaintiffs did not demonstrate by a preponderance of the evidence that this court has jurisdiction and Liafom in an indispensable party.


An appropriate Order accompanies this Opinion.



DATED: August 24, 2011                                         /s/ Jose L. Linares
                                                             United States District Judge